**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                            :

In re:   DEWEY & LEBOEUF LLP,        :
                            :
                            :
          Debtor(s)      :
------------------------------------------------------------x
FTI CONSULTING, INC., solely in its capacity  :
as Liquidating Trustee of the Dewey & LeBoeuf  :
Secured Lender Trust, established under the  :
Second Amended Chapter 11 Plan of Liquidation  :
of Dewey & LeBoeuf LLP Dated January 7, 2013,  :
                            :
          Plaintiff,       :
                            :    Case No. 15 Civ. 6236 (PAE)
      - against -         :
                            :    JOINT PRETRIAL ORDER
LCN CAPITAL LLC a/k/a LCN CAPITAL    :    (PROPOSED)
PARTNERS LLC, LCN NORTH AMERICAN    :
GP, L.P., LCN MANAGEMENT COMPANY    :
S.á.r.l., LCN NORTH AMERICAN FUND, L.P.,  :
LCN EUROPEAN FUND, FCP-SIF, and    :
LCN CAPITAL PARTNERS, L.P.,       :
                            :
          Defendants.    :
                            :
------------------------------------------------------------x

      The Parties having conferred among themselves and with the Court, pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

    **I.**       **ATTORNEYS:**

       **<u>Plaintiff</u>**:
       Klestadt Winters Jureller Southard & Stevens LLP
       John E. Jureller, Jr.
       570 Seventh Avenue, 17th Floor
       New York, NY 10018
       Tel.: (212) 972-3000
       Fax: (212) 972-2245
       jjureller@klestadt.com

**Defendants**:
Meister Seelig & Fein LLP
Stephen B. Meister
Christopher J. Major
125 Park Avenue, 7th Floor
New York, NY 10017
Tel.: (212) 655-3500
Fax: (212) 655-3535
sbm@msf-law.com
cjm@msf-law.com

## II.    BASIS FOR JURISDICTION:

On August 6, 2015, Defendants submitted their motion to withdraw the reference to the United States District Court for the Southern District of New York ("District Court") pursuant to 28 U.S.C. §157(d) and *Stern v. Marshall*, 131 S. Ct. 2594 (2011) ("Motion to Withdraw Reference").  The Motion to Withdraw Reference was granted by the District Court by Order dated September 4, 2015.

## III.    SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED:

Plaintiff[1] commenced this adversary proceeding against Defendants seeking payment of the full amount of the outstanding balance owed by Defendants to Dewey & LeBoeuf LLP (the "Debtor") reflected in a September 2012 invoice (the "Invoice") for fees and expenses incurred for legal services allegedly rendered by the Debtor to Defendants in the total sum of $668,701.10.[2]  Plaintiff contends that it is entitled to relief set forth in the First Amended Complaint based upon the following causes of action: (i) the fees and expenses invoiced and due and owing are property of the estate under 11 U.S.C. §541; (ii) Unjust Enrichment[3]; and (iii) *Quantum Meruit*.[4]  The following claims were previously dismissed by Plaintiff: As against LCN

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Amended Complaint dated August 6, 2015.

[2] The balance set forth on the Invoice is $768,981.10, of which, upon information and belief, the sum of $668,701.10 relates to the Fund Formation Invoiced Amount and the sum of $100,280.00 relates to fees and expenses incurred in the representation of Edward LaPuma with respect to, *inter alia*, the matter of *Aboutaam v. LaPuma, et al.,* pending in the Supreme Court of the State of New York, County of New York, Index No. 102024/2012 (the "Litigation")(the "Litigation Invoiced Amount").

[3] *See, e.g., In re Coudert Bros.*, 487 B.R. 375, 396 (S.D.N.Y. 2013) (citations omitted).

[4] Plaintiff asserts that, in the context of a law firm dissolution, *quantum meruit* has been recognized as "the dissolved firm's equitable claim for compensation for the value of work actually performed prior to dissolution."  *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,* 480 B.R. 145, 157 (S.D.N.Y. 2013).  "An attorney, like any other provider of services, is entitled to recover in *quantum meruit* for the reasonable value of services performed and to recover interest on this amount from the date of the demand of payment." *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F. Supp. 714, 721 (S.D.N.Y. 1986); *accord Arrow, Edelstein & Gross P.C. v. Rosco Productions, Inc.*, 581 F. Supp. 520 (S.D.N.Y. 1984) (attorneys entitled to recover on *quantum meruit* basis). Under New York law, to state a claim for *quantum meruit*, a party must plead "(1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they were rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services."  *See Liddle & Robinson, LLP v. Garrett*, 720 F.Supp.2d 417, 422 (S.D.N.Y. 2010) (explaining attorney discharged without cause limited to relief in *quantum meruit* based upon combined contingency and hourly fee agreement).  Recovery in *quantum meruit* applies to

Defendants with respect to the Fund Formation Invoiced Amount: (i) 11 U.S.C. §542 (formerly 2nd Cause of Action); (ii) Breach of Contract (formerly 5th Cause of Action); (iii) Breach of Implied Contract (formerly 6th Cause of Action); (iv) Account Stated (formerly 7th Cause of Action); All claims as against Defendants and Edward LaPuma with respect to the Litigation Invoiced Amount were dismissed (formerly 8th through 14th Causes of Action).

Defendants have asserted the following defenses to Plaintiff's claims: (1) Defendants and the Debtor never entered into an engagement agreement (*see* 22 NYCRR 1215.1); (2) the fund formation work performed by the Debtor was not billable to Defendants; (3) Debtor breached its obligations to Defendants thereby absolving Defendants of any liability; (4) Plaintiff through this lawsuit is improperly seeking to recover damages under the unfinished business doctrine which has been rejected by the New York Court of Appeals (*see Geron v. Seyfarth Shaw LLP*, 24 N.Y.3d 16, 20 N.E.3d 264 (2014)); and (5) that the services provided by Debtor were not valuable such that they cannot support an unjust enrichment or *quantum meruit* claim.[5]

## IV.    TRIAL; JURY; CONSENT TO MAGISTRATE

Estimated Trial Duration: 3 days
This will be a jury trial.
The parties have not consented to a trial by a magistrate judge.

## V.    STIPULATED FACTS

The following facts are stipulated and agreed by the Parties:

1.    On May 28, 2012 (the "<u>Petition Date</u>"), Dewey & LeBoeuf LLP ("<u>DL</u>" or the "<u>Debtor</u>") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") commencing the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>").

---

contingent fee arrangements as well as to hourly fee arrangements.  *See Banker*, 2011 WL 838909 at *3.  The court's "determination of the reasonable value of attorney's services is a matter within the sound discretion of the trial court."  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 149 (2d Cir. 1998) (internal citations omitted).  Among the factors to be considered in a *quantum meruit* fee analysis include "the difficulty of the matter, the nature and extent of the  qualifications of counsel, the amount at issue, and the results obtained (to the extent known)."  *In re Emanuel*, 422 B.R. 443, 449 (Bankr. S.D.N.Y. 2009) (noting that a disbarred attorney may be compensated on a *quantum meruit* basis for services rendered prior to his disbarment; the disbarment does not necessarily foreclose compensation, but it does force the client to retain a second lawyer to complete the work, and the client should not have to pay twice).  After consideration of all relevant factors, the court may turn to the lodestar analysis to reach a specific dollar figure for the value of services rendered.  *See Sequa Corp.*, 156 F.3d at 148–49.  Defendants deny that Plaintiff can maintain claims for *quantum meruit* or unjust enrichment.

[5] *See, e.g.*, *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110 (2011) (In order to maintain a claim for unjust enrichment, a plaintiff must demonstrate "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered"); *see also Fulbright & Jaworski, LLP v. Carucci*, 63 A.D.3d 487, 489, 881 N.Y.S.2d 56 (1st Dep't 2009) (a cause of action for quantum meruit requires proof of "(1) the performance of services in good faith, (2) the acceptance of services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services").

2.      On January 7, 2013, the Debtor filed its Second Amended Chapter 11 Plan of Liquidation of Dewey & LeBoeuf LLP Dated January 7, 2013 (the "Plan").

3.      On February 27, 2013 the Bankruptcy Court entered its Order Confirming Debtor's Modified Second Amended Plan of Liquidation of Dewey & LeBoeuf LLP, Dated January 7, 2013 (the "Confirmation Order") which confirmed the Plan, as modified.

4.      Defendant LCN Capital is a limited liability company, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 4th Floor, New York, New York 10019, and is a former client of the Debtor.   LCN Capital is the fund manager of LCN N.A. Fund.

5.      Defendant LCN N.A. is a limited partnership, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 4th Floor, New York, New York 10019.

6.      Defendant LCN Management is a société à responsabilité limité, incorporated and existing under the laws of the Grand Duchy of Luxembourg.  LCN Management was the Governing Entity of LCN European Fund and pursuant to LCN PPM, under "Organizational Expenses", was responsible for all Organizational Expenses in excess of   €500,0000 for LCN European Fund.

7.      Defendant LCN N.A. Fund is a limited partnership organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 4th Floor, New York, New York 10019.  LCN N.A. Fund is an institutional dollar investment vehicle that invests in corporate real estate sale-leaseback investments in North America.

8.      Defendant LCN European Fund is a Luxembourg common fund.

9.      Defendant LCN LP is a limited partnership, organized under the laws of Delaware, with principal places of business located at 142 West 57th Street, 4th Floor, New York, New York 10019.

10.      Edward LaPuma and Brian York Colwell were founders of LCN Defendants.

11.      The Debtor and Defendants did not enter into a written engagement agreement.

12.      On or about September 2012, the Debtor transmitted the Invoice to Defendants for Fees and Expenses in the amount of $668,701.10[6].

13.      Defendants object to the Invoice and therefore have not paid the Invoice.

14.      Schulte Roth & Zabel LLP provided Fund Formation work for Defendants.

15.      Defendants paid Schulte Roth & Zabel LLP for legal services that firm provided

---

[6] *See* footnote 2

to Defendants related to the Fund Formation work.

## VI.   PROPOSED TRIAL WITNESS LIST; BRIEF SUMMARY OF LIKELY TESTIMONY

### A.  PLAINTIFF'S LIST OF POTENTIAL WITNESSES

1. George Abodeely, President, On-site Associates LLC – in person testimony.

Mr. Abodeely will likely testify as to, *inter alia*, (i) On-site Associates' engagement by the Debtor, to coordinate and assist in the collection of outstanding accounts receivable; (ii) the Debtor's policies regarding billing practices, issuance of invoices, and collection of accounts receivables; (iii) discussions with representatives of the Debtor, including Joseph A. Smith, regarding the outstanding balance owed by Defendants; (iv) the Debtors receipt of the July 2012 memo from Joseph Smith pertaining to outstanding accounts receivable for matters that he was the responsible partner at the Debtor, including Defendants; (v) the Debtors preparation and issuance of the Invoice to Defendants, and (vi) communications between On-site Associates and Defendants and/or Joseph A. Smith regarding the Invoice.

2. Joseph A. Smith, Partner, Schulte Roth & Zabel LLP; former Partner, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena.

Mr. Smith will likely testify as to, *inter alia*, (i) the engagement of the Debtor by Defendants in September 2010; (ii) the scope of the engagement of the Debtor by Defendants; (iii) the services provided by the Debtor to Defendants for the Fund Formation; (iv) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants; (v) the July 2012 memo pertaining to outstanding accounts receivable for matters that he was the responsible partner, including Defendants, and the documents provided to him with respect to preparation of the memo; (vi) his transition from the Debtors to Schulte Roth & Zabel LLP, along with former attorneys from the Debtor who provided legal services to Defendants; and (vii) Defendants transition from the Debtor to Schulte Roth & Zabel LLP, and the work performed for Defendants, the terms of the engagement, the issuance of invoices and Defendants' payment thereof.

3. Russel Perkins, Partner, Schulte Roth & Zabel LLP; former Partner, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena

Mr. Perkins will likely testify as to, *inter alia*, (i) the scope of the engagement of the Debtor by Defendants; (ii) the services provided by the Debtor to Defendants for the Fund Formation; (iii) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants; (v) his transition from the Debtors to Schulte Roth & Zabel LLP, along with former attorneys from the Debtor who provided legal services to Defendants; and (vi) Defendants transition from the Debtor to Schulte Roth & Zabel LLP, and the work performed for Defendants, the terms of the engagement, the issuance of invoices and Defendants' payment thereof.

4. Todd Y. MacArthur, former Partner, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena

Mr. MacArthur will likely testify as to, *inter alia*, (i) the scope of the engagement of the Debtor by Defendants; (ii) the services provided by the Debtor to Defendants for the Fund Formation; and (iii) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants.

      5.   Anthony Acevedo, Attorney, Lowenstein Sandler PC; former Of Counsel, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena

Mr. Acevedo will likely testify as to, *inter alia*, (i) the services provided by the Debtor to Defendants for the Fund Formation; and (ii) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants.

      6.   Lauren King, Attorney, Schulte Roth & Zabel LLP; former Attorney, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena

Ms. King will likely testify as to, *inter alia*, (i) the services provided by the Debtor to Defendants for the Fund Formation work; (ii) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants; (v) her transition from the Debtors to Schulte Roth & Zabel LLP, along with former attorneys from the Debtor who provided legal services to Defendants; and (vi) Defendants transition from the Debtor to Schulte Roth & Zabel LLP, and the work performed for Defendants.

      7.   Courtney Posner, Vice President, Counsel, PineBridge Investments; former Attorney, Dewey & LeBoeuf LLP - in person testimony pursuant to subpoena

Ms. Posner will likely testify as to, *inter alia*, (i) the services provided by the Debtor to Defendants for the Fund Formation work; and (ii) the reasonableness of the legal fees and unreimbursed expenses for the legal services provided by the Debtor to Defendants.

Plaintiff reserves its right to amend or supplement this witness list.  Plaintiff also reserves its right to amend or supplement this witness list based upon exhibits or testimony offered during the hearing and/or arguments advanced at the hearing. Moreover, Plaintiff's reserve the right to call witnesses not identified on this list for rebuttal purposes. In addition, Plaintiff reserves the right to call witnesses listed on Defendants' witness list or otherwise rely on such witnesses' testimony.

## B.  DEFENDANTS' LIST OF POTENTIAL WITNESSES

      1.   Edward LaPuma, co-founder of LCN Defendants – in person testimony.

Mr. LaPuma will likely testify as to, *inter alia*, (i) the lack of an engagement agreement between Debtor and Defendants; (ii) Debtor's failure to issue a prepetition invoice; (iii) the manner in which Debtor would be compensated ; (iv) the agreement between Debtor and the LCN Defendants; (v)  Debtor's failure to complete the fund formation work; and (vi) the completion of the fund formation work by another law firm.

      2.   Bryan Colwell, co-founder of LCN Defendants – in person testimony.

Mr. Colwell will likely testify as to, *inter alia*, (i) the lack of an engagement agreement between Debtor and Defendants; (ii) Debtor's failure to issue a prepetition invoice; (iii) the

manner in which Debtor would be compensated; (iv) the agreement between Debtor and the LCN Defendants; (v) Debtor's failure to complete the fund formation work; and (v) the completion of the fund formation work by another law firm.

           3.    George Abodeely, President of On-site Associates LLC, and Plaintiff's Rule 30(b)(6) witness.

Mr. Abodeely will likely testify as to, *inter alia*, (i) On-site Associates' efforts to locate an engagement agreement between Debtor and Defendants; (ii) On-site Associates' review of the invoice before it was sent to Defendants; (iii) On-site Associates' efforts to investigate the entries on the invoice; (iv) whether Joseph Smith reviewed the invoice before it was sent to Defendants; and (v) whether On-site Associates followed the billing instructions contained in Joseph Smith's July 2012 memo.

Defendants reserve their right to amend or supplement this witness list. Defendants also reserve their right to amend or supplement this witness list based upon exhibits or testimony offered during the hearing and/or arguments advanced at the hearing. Moreover, Defendants reserve the right to call witnesses not identified on this list for rebuttal purposes. In addition, Defendants reserve the right to call witnesses listed on Plaintiff's witness list or otherwise rely on such witnesses' testimony.

## VII.    DESIGNATION OF DEPOSITION TESTIMONY:

Plaintiff does not intend to offer any direct testimony through deposition testimony. Plaintiff reserves all rights to use deposition testimony for impeachment purposes or for other non-direct purposes.

Defendants reserve all rights to use deposition testimony that has not been designated below to the extent that witnesses become unavailable, for impeachment purposes, or for rebuttal purposes. While not stipulating to the admissibility of this deposition testimony, Defendants designate the following deposition testimony as testimony Defendants may offer at trial:

George Abodeely, President of On-site Associates LLC, Plaintiff's Rule 30(b)(6) witness.

Tr. 15:4 – 12
Tr. 35:21 – 36:13
Tr. 40:9 – 41:14
Tr. 42:7 – 45:25
Tr. 51:15 – 22
Tr. 64:24 – 65:12
Tr. 67:3 –12
Tr. 79:15 – 79:24
Tr. 84:24 – 85:25
Tr. 87:11 – 88:3
Tr. 92:19 – 95:22
Tr. 96:11 – 99:11
Tr. 101:9 –16

Tr. 105:25 – 106:19
Tr. 107:20 – 108:12
Tr. 108:21 – 112:7
Tr. 120:16 – 122:20
Tr. 125:14 – 133:17
Tr. 135:21 – 136:17
Tr. 143:7 – 21
Tr. 149:2 – 151:9

## VIII.   TRIAL EXHIBITS:

### a.   PLAINTIFF'S EXHIBITS

1. Dewey & LeBoeuf LLP Invoice No. 657554, dated 9/19/2012;

2. Memo: Smith to Abodeely *et al.*, dated "Draft of July 17, 2012, re: Certain Dewey & LeBoeuf Matters to be Billed [Bates Stamped D&L00011510 – D&L00011521]*;

3. Email from McArthur to Smith, dated 9/9/10, re: CONTINUUM (and prior email chain) [Bates Stamped D&L00003436-D&L00003437]*;

4. Email from Smith to LaPuma *et al.*, dated 10/8/10, re: Continuum/Fund I – Draft Term Sheet, and attachment: Summary of Principal Terms, D&L Draft 10/8/10 [Bates Stamped D&L00003438-D&L00003450]*;

5. Email from Marchant to LaPuma *et al.*, dated 10/14/10, re: Continuum Investment Partners – Suggested Names of Continuum Entities (and prior chain of emails) [Bates Stamped LCN00000503 – LCN00000506]*;

6. Email from Zanko to Ribando *et al.*, dated 11/12/10 re: Continuum Investment Partners – Suggested Names of Continuum Entities (and prior chain of emails)[Bates Stamped D&L00004330-D&L00004333];

7. Email from Smith to Colwell *et al.*, dated 11/3/10 re: LCN Partners (and prior chain of emails)[Bates Stamped D&L00011406]*;

8. Loyens & Loeff Engagement Agreement, dated 3/20/12 [Bates Stamped D&L00001024-D&L00001034];

9. LCN Capital Partners – LCN North American Fund L.P., LCN European Fund, FCP-SIF – Confidential Private Placement Memorandum April 2012;

10. Memorandum dated 5/14/12, Subject: Overview of U.S. Federal Income Tax Consequences of Investments in United States Real Property Interests [Bates Stamped LCN00011546 – LCN00011554];

11. Email from Melniker to LaPuma *et al.*, dated 4/9/12, re: REIT Memo for LCN Capital Partners, and attachment: Memorandum for LCN Capital Partners re: Real Estate Investment Trusts, dated 4/9/12 [Bates Stamped LCN00010595 – LCN00010600]*;

12. Email from Ingrasin to Colwell *et al.*, dated 5/17/11, re: Shair'a (and related chain of emails) [Bates Stamped LCN00007204-LCN00007206]*;

13. Dewey & LeBoeuf Master Balance Detail Report; Date Prepared May 4, 2011;

14. Letter LCN Capital Partners dated 5/17/12 [Bates Stamped LCN00011569];

15. Email from Rodriguez to Smith, dated 6/27/12, re: Joseph Smith (and related email chain), and attachment: Dewey & LeBoeuf Master Balance Detail Report; Date Prepared June 26, 2012 [Bates Stamped D&L00011555 – D&L00011566];

16. Memo: Smith to Lee *et al.*, dated 6/8/14, re: Dewey A/R Claims – Continuum and LCN, Respectively*.

At this time, Defendants object to Plaintiff's Exhibits 1, 5, 6, 13, and 15 on hearsay and relevance grounds.  In addition, Defendants object to Plaintiff's Exhibits 2, 3, 4, and 7 on relevance grounds.  Defendants reserve their right to make additional objections or to withdraw any of these objections at trial.

### b.  DEFENDANT'S EXHIBITS

A. Email from Brian Feldman to Jade Lee, dated 10/4/13, re: Dewey & LeBoeuf – Client no. 102618. Bates Stamped D&L00011537 - D&L00011540, and marked as Smith Exhibit 25.*

B. Email from Bryan York Colwell to Joseph A. Smith, dated 11/16/10, re: appreciative. Bates Stamped D&L00004293 - D&L00004294, and marked as LaPuma Exhibit 6.*

C. Email from Bryan York Colwell to Ed LaPuma, dated 5/1/12, re: Update. Bates Stamped D&L00001636 - D&L00001639, and marked as LaPuma Exhibit 10.*

D. Email from Brian Feldman to Joseph Smith, dated 10/8/13, re Balance due Dewey and LeBoeuf, LLP – Client no. 102618 - $768,981.10, and attachments. Bates Stamped LCN 0000014 - LCN 0000049.*

By including documents in this exhibit list, Defendants do not concede that all of the documents on this exhibit list are relevant and/or admissible for all purposes. Moreover, Defendants reserve their right to amend or supplement this exhibit list Defendants also reserve their right to amend or supplement this exhibit list based upon exhibits proposed by Plaintiff, as well as testimony given during the hearing and/or arguments advanced at the hearing. Defendants reserve the right to use documents not contained in this list for impeachment, demonstrative and rebuttal purposes. In addition, Defendants reserve the right to use exhibits listed on Plaintiff's exhibit list and/or otherwise submitted by Plaintiff or its witnesses. Moreover, Defendants reserve the right to introduce as exhibits or otherwise rely upon the pleadings of the parties.  Finally, Defendants reserve their right to redact (with the District Court's permission) documents on its exhibit list.

At this time, Plaintiff objects to Defendants' Exhibits A, B, C, and D on hearsay and relevance grounds.  Plaintiff reserves its right to make additional objections or to withdraw any of these objections at trial.

Dated: October 2, 2015

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Attorneys for Plaintiff

By: */s/ John E. Jureller, Jr.*
        Tracy L. Klestadt
        John E. Jureller, Jr.
570 Seventh Avenue, 17th Floor
New York, New York 10018

MEISTER SEELIG & FEIN LLP
Attorneys for Defendants

By: */s/ Christopher J. Major*
        Stephen B. Meister
        Christopher J. Major
125 Park Avenue, 7th Floor
New York, New York 10017

Dated: _____

**IT IS SO ORDERED:**
**_____**
**HON. PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**